UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| ILLINOIS CENTRAL RAILROAD COMPANY )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>PADUCAH & LOUISVILLE RAILWAY, INC. )<br>)<br>Defendant. )<br>)<br>) | No. 5:10CV-127-R |

## COMPLAINT

NOW COMES Plaintiff, Illinois Central Railroad Company ("ICRR"), for its Complaint against Defendant Paducah & Louisville Railway, Inc. ("PAL") and states as follows:

### Parties

1. Plaintiff ICRR is a Delaware Corporation whose principal place of business is in Homewood, Cook County, Illinois. ICRR is a rail carrier operating in several states, including a line of railroad between Effingham, Illinois and Paducah, Kentucky.

2. PAL is a Kentucky Corporation whose principal place of business is in Paducah, McCracken County, Kentucky. PAL is a rail carrier and operates a line of railroad between Paducah, Kentucky and Louisville, Kentucky.

### Jurisdiction

3. Jurisdiction in this matter is based upon 28 U.S.C. § 1332, as ICRR's claims are between citizens of different States and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

**Venue**

4. Venue properly lies in the United States District Court for the Western District of Kentucky pursuant to 28 U.S.C. § 1391(a)(2) inasmuch as a substantial part of the events or omissions giving rise to the claim occurred within this jurisdictional district.

**Background**

5. PAL and the Illinois Central Gulf Railroad Company are parties to a Run-Through Agreement (the "Agreement"), dated August 22, 1986, attached hereto as Exhibit A. ICRR is the successor-in-interest to the Illinois Central Gulf Railroad Company, hereinafter Illinois Central Gulf Railroad Company and ICRR shall be referred to as ICRR.

6. The Agreement was subsequently amended by a letter agreement dated August 30, 1989 ("1989 Amendment"), attached hereto as Exhibit B, and amended again by a letter agreement dated January 13, 2003 ("2003 Amendment"), attached hereto as Exhibit C.

7. The Agreement is a run-through agreement which allowed PAL to operate ICRR's trains in order to efficiently move coal trains from coal mines located on ICRR's rail line to destinations located on PAL's rail line. Under the Agreement, ICRR transported loaded coal trains from mines located in Illinois to an Interchange Track at Paducah, Kentucky. PAL operated the trains from the Interchange Track to destinations on PAL's rail line, where the coal was unloaded, and then returned the empty trains to the Interchange Track.

8. Section 5 of the Agreement allowed PAL to use ICRR's trains, consisting of locomotives, cars and cabooses, without charge if PAL's possession time of ICRR's trains did not exceed an average of eight hours per train on a monthly basis. Section 5 was amended by the 1989 Amendment to allow PAL to use ICRR's trains without charge if PAL's possession time did not exceed an average of ten hours per train on a monthly basis. Possession time is the

amount of time between when the ICRR crew delivering a loaded train to the Interchange Track detrains and when the PAL crew delivering an empty train to the Interchange Track detrains.

9. Under Section 5 of the Agreement, if PAL's possession time exceeds eight hours, now ten hours as amended by the 1989 Amendment, PAL must pay ICRR $15.00 per locomotive unit hour for locomotives and $0.75 per car hours for coal carrying cars. These amounts are subject to a yearly adjustment designed to compensate for increases or decreases in the cost of labor, material and fuel.

10. From January 1, 2003 until June 17, 2009, PAL failed to pay ICRR as required under the Agreement for several hundred trains delivered by ICRR to PAL at the Interchange Track under the Agreement.

11. The amount currently due to ICRR under the Agreement is $8,274,462.58 consisting of $2,346,492.46 in charges for locomotives and $5,927,970.12 in charges for cars.

## COUNT I – BREACH OF CONTRACT

12. Plaintiff incorporates and reasserts the allegations contained in Paragraphs 1-11

13. ICRR and PAL are parties the Agreement, as amended by the 1989 Amendment and the 2003 Amendment, which is a valid and binding contract.

14. ICRR fulfilled all of its obligations under the Agreement, the 1989 Amendment and the 2003 Amendment.

15. PAL breached the Agreement by failing to pay ICRR amounts owed by PAL under the Agreement as amended by the 1989 Amendment and the 2003 Amendment.

WHEREFORE, Illinois Central Railroad Company prays that this Court enter judgment in favor of Illinois Central Railroad Company on Count I, and order Paducah &

Louisville Railway, Inc. to pay Illinois Central Railroad Company an amount in excess of $8,274,462.58 for charges due under the Agreement, plus interest, and award fees and costs and such other relief as the Court deems appropriate.

## COUNT II –UNJUST ENRICHMENT

16. Plaintiff incorporates and reasserts the allegations contained in Paragraphs 1-11 as though fully set forth herein.

17. PAL knowingly received the benefit of the use of ICRR's trains, including its locomotives and cars, without having to pay to acquire its own trains, or otherwise obtain trains to serve its customers. PAL knowingly used ICRR's trains without paying for the locomotive fuel burned while ICRR's trains were being used by PAL. Additionally, PAL knowingly received a benefit by using ICRR's trains without paying for maintenance and wear and tear to the trains and without paying car hire charges.

18. ICRR was deprived of the use of its trains while the trains were in PAL's possession.

19. It would be unjust for PAL not to compensate ICRR for PAL's use of ICRR's trains for, *inter alia*, the following reasons:

   a. ICRR was deprived of the use of its trains while the trains were in PAL's possession, time during which ICRR could have used the trains to generate revenue.

   b. ICRR paid for the fuel consumed by PAL while PAL was using ICRR's trains.

   c. ICRR paid for the maintenance and wear and tear to ICRR's trains caused, in part, by PAL's using ICRR's trains.

4

    d. PAL did not pay any car hire charges to ICRR for ICRR's trains used by PAL, which are required in the absence of an alternative contractual arrangement.

  20. The rates set forth in Section 5 of the Agreement are designed to compensate ICRR for the cost involved in ICRR allowing PAL to use ICRR's trains and therefore provide a proxy for the benefit received by PAL as a result of PAL's use of ICRR's trains.

  21. ICRR is entitled to damages in the amount of $8,274,462.58, or such other amount determined to be the value of the benefit received by PAL as a result of PAL's use of ICRR's trains.

  WHEREFORE, Illinois Central Railroad Company prays that this Court enter judgment in favor of Illinois Central Railroad Company on Count II, and order Paducah & Louisville Railway, Inc. to pay Illinois Central Railroad Company an amount in excess of $8,274,462.58, plus interest, for the benefit it provided to PAL and award fees, costs and such other relief as the Court deems appropriate.

## COUNT III – QUANTUM MERUIT

  22. Plaintiff incorporates and reasserts the allegations contained in Paragraphs 1-11 as though fully set forth herein.

  23. ICRR furnished loaded coal trains to PAL at the Interchange Track in order for PAL to deliver coal to its customers.

  24. PAL knowingly accepted ICRR's trains and used ICRR's trains to deliver coal to its customers.

  25. PAL, as a signatory to the Agreement, was aware that ICRR expected payment for PAL's use of ICRR's trains under certain circumstances set forth in the Agreement.

26. The rates set forth in Section 5 of the Agreement are designed to compensate ICRR for the cost involved in ICRR allowing PAL to use ICRR's trains and therefore provide a proxy for the value of ICRR's trains furnished to PAL and the amount that PAL should have reasonably expected to pay ICRR.

27. ICRR is entitled to damages in the amount of $8,274,462.58 or such other amount determined to be the amount that PAL should have reasonably expected to pay ICRR for the use of ICRR's trains.

WHEREFORE, Illinois Central Railroad Company prays that this Court enter judgment in favor of Illinois Central Railroad Company on Count III, and order Paducah & Louisville Railway, Inc. to pay Illinois Central Railroad Company an amount in excess of $8,274,462.58, plus interest, for the benefit it provided to PAL and award fees, costs and such other relief as the Court deems appropriate.

DATED:  June 21, 2010

Respectfully submitted,

s/ William C. Adams, III
William C. Adams, III
Attorney at Law
291 Main Street; P.O. Box 1419
Murray, Kentucky 42071
Email: wcadams3@wcadamslaw.com
Telephone: (270) 753-1292
Telefax: (270) 753-5648
Attorney for Plaintiff


James D. Helenhouse
Jeremy M. Berman
Fletcher & Sippel LLC
29 North Wacker Drive, Suite 920
Chicago, IL  60606-2832

Phone:  312-252-1500
Facsimile:  312-252-2400
Attorneys for Plaintiff